**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMIR LAMICHHANE,<br><br>    Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No.    14-70242<br><br>Agency No. A200-983-663<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,** District Judge.

Samir Lamichhane petitions for judicial review of (1) the decision by the

Board of Immigration Appeals ("BIA") that his asylum application is time-barred,

and (2) its conclusion that his claim for withholding fails on the merits.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Jeremy D. Fogel, Senior United States District Judge for the Northern District of California, sitting by designation.

1. An alien is ineligible to apply for asylum unless he "demonstrates by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review a determination that an asylum application was untimely. *See id.* § 1158(a)(3). This limitation on judicial review does not, however, preclude review of questions of law, including the application of law to undisputed facts. *See id.* § 1252(a)(2)(D); *Khunaverdiants v. Mukasey*, 548 F.3d 760, 764-65 (9th Cir. 2008). But here there are disputed facts as to whether Lamichhane filed his application within one year of his arrival. *Cf. Khunaverdiants*, 548 F.3d at 765-66. Accordingly, we lack jurisdiction to consider the timeliness dispute.

2. An alien may not be removed to a country if his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The BIA concluded that Lamichhane had not shown that three of the incidents of alleged persecution had occurred *because of* his political opinion. As part of its analysis on the merits of Lamichhane's asylum claim (as an alternative to its untimeliness holding), the BIA explained that Lamichhane had failed to establish that his political opinion was "at least one central reason" for the harm he suffered. The BIA provided no separate analysis of Lamcihhane's

2

withholding claim but instead stated that, because Lamichhane had failed to satisfy the requirements for an asylum claim, he necessarily had also failed to meet the more stringent requirements for a withholding claim.

We recently held in *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-59 (9th Cir. 2017), that the "one central reason" standard applies to claims for asylum but not to those for withholding of removal. The BIA thus erred by implicitly applying the "one central reason" standard to Lamichhane's withholding claim. Nevertheless, remand for reconsideration under the proper standard is unnecessary in this case because the BIA did not find that Lamichhane's political opinion was even a partial reason for the three incidents; it concluded instead that they were unrelated to Lamichhane's political opinion. Substantial evidence supports this conclusion.

Petition DISMISSED in part and DENIED in part.